E. E. KELLY *v.* D. KELLY, et als.

An action will lie against one who by force and violence has prevented a person from making a will in favor of him who brings the action.

APPEAL from the District Court of Morehouse.

The following copy of a judgment was among the Monroe records. There is an endorsement in pencil on the judgment. "Transcript, with Clerk of Supreme Court, New Orleans." But that Clerk informs the reporter that he has no such record; he cannot, therefore, state authoritively, by what District Judge the case was tried; what lawyer appeared in it, or which of the Judges rendered the judgment in the appellate Court.—[REP.]

Monday, Jan. 17th, 1853.—Present: Their Honors, GEORGE EUSTIS, Chief Justice; P. A. ROST, THOMAS SLIDELL and WM. DUNBAR, Associate Justices.

In this cause the Court this day delivered their opinion, in writing, in the words and figures following:

The widow of *Elias Kelly,* claims from his mother and his brother, who are his only heirs at law, damages equal in amount to his entire succession, on the ground that he was prevented by their threats and violence from instituting her his universal legatee.

The case was before us last year on an appeal from the judgment dismissing the petition, rendered upon the exception of the defendant, that the said petition discloses no cause of action. The question being a novel one, and having no books at hand to which we could refer, at Munroe, we remanded the cause to be tried on the merits without passing definitely upon the exception. It has since been tried before a jury, and a verdict rendered against both defendants, for a part of the sum claimed. They prosecute the present appeal.

Actions of this kind were admissible under the rules of the civil law, with the difference however, that the amount recovered inured to the fisc and not to the party aggrieved. Qui dum capiat haereditatem legitiman vel ex testamento prohibuit testamentarium introire volente eo facere testamentum vel mutare; divus Hadrianus constituit denegare ei debere actione, denegatisque ei actionibus fisco locum fore. D. & C. Signis aliquem test. proba.

The fiscal laws of Rome, operating as purnishments for private wrongs have not been adopted by us, and the only remedy known to our jurisprudence in such cases is given to the injured party by an action sounding in damages. We incline to the opinion that a sufficient ground of action has been alleged. A case in point has been reported by Ricard, in which the chapter of Vezelay was admitted to prove that *Anne de Siron,* during her last illness, had often de-

<div style="float:right">KELLY<br>v.<br>KELLY.</div>

clared to her servants that she desired to make a will, and give three thousand livers to the church of Vezelay; that she had one day demanded the attendance of the Notary, but that her father had prevented it, forbidding the entrance of any Notary in his house. 1 Ricard, Traité des Dou. 470.

But conceding that the action will lie, it is clear that it cannot be maintained without positive evidence, that the execution of the will was prevented by the threats and violence charged. We are constrained to say, that the record contains no evidence whatever of that fact, and that the verdict of the jury is manifestly erroneous. It is alleged that a will had been prepared at the request of *Elias Kelly*, and that persons had been sent for to witness it, but that they were forcibly driven from the house by the defendants before it could be read and signed. It is shown that the defendant, *James Kelly*, left the house when the witnesses came, without making any threats, and that he did not return until after their departure. *Dicy Kelly*, the other defendant, remained in the house; she is an old woman, whose threats, if she had made any, could not have put in fear the six or seven men then present. But in truth, she used no violence, made no threats, and did not, so far as the record shows, attempt to prevent the execution of the will. The witnesses say that they left the house because they perceived that there was dissatisfaction in the family, but that they heard nothing at the time, which caused them to retire. Admitting that dissatisfaction to have existed, it was not manifested in a manner that can be considered as amounting to threats and violence. The facts of the case are, simply, that the attending physician of the deceased had written at his request a noncupative will, by which he instituted his wife his universal heir; that the requisite number of witnesses was sent for, but, before the will was read to them in the presence of the testator and acknowledged by him, they left the room and retired, of their own free will.

The plaintiff has entirely failed to make out his case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court below be reversed; it is further ordered and decreed, that there be judgment against the plaintiff, and in favor of the defendant, with costs in both Courts.